JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Steven Whelan and his daughter W. L.
_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

**16 CV 9443**

COMPLAINT

-against-

The State of New York
and
New York County District Attorney
and
Tandra Dawson in her personal capacity
and
Jill Zuccardy Esq.
_____

_____

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

Jury Trial: ☒ Yes   ☐ No
(check one)

FILED U.S. DISTRICT COURT S.D.N.Y. 2016 DEC -7 AM 10:53

**I.   Parties in this complaint:**

A.   List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name  Steven Whelan
            Street Address  8 Gunia St.
            County, City  Middlesex County, East Brunswick
            State & Zip Code  New Jersey 08816
            Telephone Number  732-257-3871

B.   List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name  The State of New York
                  Street Address  State St. and Washington Ave.

*Rev. 05/2010*

County, City Albany County, Albany
State & Zip Code NY 12224
Telephone Number 528-474-2418

Defendant No. 2    Name New York County District Attorney
Street Address 1 Hogan Pl.
County, City New York County, New York
State & Zip Code NY 10013
Telephone Number 212-335-9000

Defendant No. 3    Name Tandra Dawson in her personal capacity
Street Address 100 Centre St., 16th Fl.
County, City New York County, New York
State & Zip Code NY 10013
Telephone Number 646-386-3579

Defendant No. 4    Name Jill Zuccardy, Esq.
Street Address 225 Broadway, #1515
County, City New York County, New York
State & Zip Code NY 10007
Telephone Number 212-962-1192

## II.  Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.  What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions        ☐ Diversity of Citizenship

B.  If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? 5th Amendment, 9th Amendment, 14th Amendment, and other inter alia rights

C.  If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____
Defendant(s) state(s) of citizenship _____

## III.  Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.

*Rev. 05/2010*

You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? New York

B. What date and approximate time did the events giving rise to your claim(s) occur? From January of 2016 through to the current day

C. Facts: At the behest of Jill M. Zuccardy, Judge Tandra Dawson and the Assistant District Attorney's operating under the aegis of the New York County District Attorney have commingled inadmissible information with criminal allegations. The result has been a prolonged denial of my own and my daughter's constitutional rights. My daughter and I have been deprived of each other's society, I have been denied an expedient due process hearing, and there is no end in sight for how long these violations will continue. I have not seen my daughter for over seven months at this point. My wife, Ms. Meghan Lockard, and an acquaintence from my daughter's daycare, Tamara Rowe, also have made unsubstantiated allegations that I deny, and Judge Dawson's Court has taken these allegations to be justification for depriving my own and my daughter's constitutional rights. Judge Dawson has seen documentation indicating that I have been the victim of extreme domestic abuse and sufficient evidence to indicate that it rises to level of Felony domestic violence. Yet, she treats me as though I am a criminal and has even granted my wife a temporary custody order. I blame New York State's amalgamation of civil and criminal proceedings into the Integrated Domestic Violence part of the Supreme Court of the City of New York. Judge Dawson, the Assistant District Attorneys, Jill Zuccardy, Ms. Meghan Lockard, Debra Faecher, Lisa Zurndorfer, Kaye Sommers, Dr. Marc Dubin, and Anne-marie Sheldon are all aware that Ms. Lockard violently beat me over the head on several occasions, has had a post-partem psychotic break, and tried to kill me and kill herself. The Court is even aware that Ms. Lockard has threatened to kill me, but I continue to be persecuted.

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

As a result of being beaten over the head by Ms. Lockard on several occasions, I have had to receive treatment for a sever post-concussion disorder. This has been ongoing for over a year and has cost thousands of dollars. Ms. Lockard has been allowed to manufacture allegations of wrongdoing by means of the ex parte order of protection system facilitated by NYC family Courts. She has used this is as a means of continuing to abuse me. My daughter and I have been deprived of the society of each other for over seven months, and it is not clear that this deprivation will ever end. The psychological damage this causes in the near and short term for both of us is unquantifiable and immense. Lastly, I have been wrongfully arrested six times for arbitrary allegations made by Ms. Lockard and Ms. Tamara Rowe, and each arrest has slowed my recovery from the abuse I endured.

*Rev. 05/2010*

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. My criminal and civil proceedings should be moved to a Court where they can be considered impartially or Judge Dawson should be ordered to protect the consitutional rights of my daughter and myself.

The fact that I am a victim of felony level domestic violence should be acknowledged and considered in future civil proceedings surrounding my divorce.

The orders of protection ordering a stay-away from my daughter should be dismissed because they were generated without basis.

I should be granted full custody of my daughter because Ms. Lockard is clearly unwilling to work collaboratively on joint custody arrangements.

The District Attorney's office should be enjoined from colluding with Ms. Zuccardy, who has been feeding them unevidenced allegations as justification for forcing me to be imprisoned.

Proceedings to hold my wife accountable for her admitted history of abuse against me need to be intitiated, although Judge Dawson and the District Attorney's office seem to have no interest in the fact that I endured extreme abuse and never perpetrated any abuse. I request any other relief the Court deems fit. I describe some other types of relief my Brief. The basis of my request for this injunctive and declaratory relief is Ex Parte Young.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 15th day of November, 20 16.

Signature of Plaintiff    *[signature]*

Mailing Address    8 Gunia St.

East Brunswick, NJ 08816

Telephone Number    732-257-3871

Fax Number *(if you have one)*

**Note:**    All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Inmate Number _____

*Rev. 05/2010*

# **BRIEF**

1.  The State of New York has facilitated the systematic violation of my own and my daughter's Fifth Amendment, Ninth Amendment, and Fourteenth Amendment rights. It has also violated an *inter alia* variety of other rights of mine. I seek injunctive and declaratory relief described below in accordance with *Ex parte Young*. My wife wants me dead, Judge Dawson has only regarded incomplete information in my civil and criminal proceedings, and my abusive wife is continuing to use the New York State court system as an instrument to abuse me. I AM SCARED FOR MY LIFE, MY WIFE HAS TOLD ME THAT SHE IS PLOTTING TO HAVE ME KILLED, AND MY WIFE USED TO BEAT ME OVER HEAD. There is no obvious recourse in the bureaucratic Kafkaesque nightmare labyrinth that is the New York State Court system.

2.  I am begging for expedient consideration of this suit. I do not know if my wife will be manufacturing new charges to have me arrested tomorrow, December 5, 2016. I am scared. I hope you hear me. My wife is mentally ill and, along with her lawyer, she has learned how to abuse me while concealing her mental illness. The written threat to have me killed and/or jailed indefinitely has been seen by the Supreme Court of the County of New York, Integrated Domestic Violence Part ("IDVC") and the NYPD. I am begging you to protect me, my daughter, and our rights. I do not know if my wife and the District Attorney's office is arranging to have me arrested tomorrow at my civil hearing, and I am scared to even attend. The trauma of spending time in criminal detention haunts me, and I am scared to even leave my room much of

the time. I would not be making this submission if I were not sincerely terrified for myself and for my daughter based on the IDVC's violations.

3. In structure and procedure, the IDVC has allowed hearsay and conjecture from my civil proceedings to taint my criminal proceedings AS WELL AS allowing inadmissible allegations to taint the civil proceedings. The former violates Federal statutes and the latter violates the New York State constitution. I bring this suit under the *Ex Parte Young* doctrine because the constitutional violations have been ongoing for over six months[1] and there is no clear end in sight.

4. I am scared for my life because my wife has made written threats to kill me. I am scared for my freedom because my wife has made threats to manufacture charges that will get me incarcerated indefinitely. I am living in constant fear of the New York State criminal justice system. I have never committed any crime and yet I have spent more than a month incarcerated. I am genuinely scared for my safety and freedom. Please protect me from my psychotic wife (postpartum psychosis is among the mental health diagnoses she has received, and she has admitted to continuing spontaneous paranoid hallucinations since that diagnosis).

5. The IDVC was formed in order to bring criminal and civil cases involving the same family before the same judge. Judge Tandra Dawson has been hearing all of my family's

---

[1] Verizon Md. Inc. v. Public Serv. Comm'n of Md. 535 U.S. 636.2 (2002): "The doctrine of Ex parte Young permits Verizon's suit to go forward against the state commissioners in their official capacities. The Court thus need not decide whether the Commission waived its immunity from suit by voluntarily participating in the regulatory regime established by the Act. In determining whether the Ex parte Young doctrine avoids an Eleventh Amendment bar to suit, a court need only conduct a "straightforward inquiry" into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. Idaho V. Coeur d'Alene Tribe of Idaho, 521 U. S. 261, 296, 298-299."

cases in the Manhattan IDVC. On November 16, 2016, I had a disposition hearing scheduled on my criminal cases. If my lawyer on the criminal cases, Terry Brostowin, arranges a plea deal with office of the District Attorney ("D. A."), Judge Dawson is tasked with either approving or denying the deal. Judge Dawson has blocked attempts at plea deals multiple times since my first disposition hearing in the IDVC in April (the details of these incidents are detailed Exhibit A, a facsimile my complaint to the Commission on Judicial Conduct against Judge Dawson, and Exhibit B, a facsimile of the materials submitted in support of my case pending in the Third Circuit Court of Appeals)[2].

6. In essence, Judge Dawson has been repeatedly unsatisfied with the program incarceration alternatives to which the D. A.'s office and Mr. Brostowin. This has been based on hearsay and accompanying allegations made in the divorce proceedings by Jill Zuccardy, my wife's attorney. According to the D. A.'s office, the same hearsay and allegations lack sufficient evidence for criminal prosecution. Not only has the rationale for postponing the disposition been premised on unconstitutional rationales, but Judge Dawson has even cited reasons for opposing the plea sentence that contradict reasons given on other occasions when she postponed the plea deal.

7. During my several arraignments, the various Assistant District Attorneys present have repeatedly cited uncharged allegations. Repeating them is slanderous. Nonetheless they regurgitated uncharged, unevidenced allegations in the process of requesting either remand or exorbitant bail. As they were rushed and unable to distinguish evidenced fact from hearsay while I was being represented by court-appointed attorneys, these judges have set over $35,000

---

[2] When violating the dictates of the position (such as unconstitutionally depriving civil rights from a litigant in the court), a judge is acting in a personal and not professional capacity.

of bail for me. Last week, since my father's self-employment has unpredictable revenue, he did not have enough money to pay his employees for the week. My parents are two months behind on paying bills and I have had no income for over a year.

8. Judge Dawson is expected to adjudicate civil contempt charges after my criminal proceedings have been completed. She has already demonstrated belief in my guilt based on the hearsay of Ms. Zuccardy and my wife.

9. Judge Dawson has repeatedly demonstrated incomplete knowledge of all the details of the civil case. Furthermore, she has repeated on the record allegations made in an ACS report that was deemed unfounded after investigation. The consideration of information derived from such an unfounded indication is a violation of New York Family Court Act § 651-a. My wife was not even present during the unfounded incident, she heard about it while in a psychiatric ward for a postpartum psychotic break, and now she regurgitates inaccurate second-hand accounts as fact. Judge Dawson have shown signs at various times of believing and not believing this second-hand regurgitation (see Exhibits A and B). Ms. Zuccardy and Judge Dawson have also taken into consideration an ACS complaint I made against my wife, later deemed unfounded, although the investigators thought my concerns were justified. This is a violation of New York State Domestic Relations Law § 240[3].

10. Judge Dawson has been presented with ample evidence that my wife beat me over the head on several occasions. This includes documentation where my wife admits to doing so.

---

[3] If a parent makes a good faith allegation based on a reasonable belief supported by facts that the child is the victim of child abuse, child neglect, or the effects of domestic violence, and if that parent acts lawfully and in good faith in response to that reasonable belief to protect the child or seek treatment for the child, then that parent shall not be deprived of custody, visitation or contact with the child, or restricted in custody, visitation or contact, based solely on that belief or the reasonable actions taken based on that belief.

4

Judge Dawson has seen the medical records indicating that I have been in treatment since last year for the the resultant post-concussion vestibular disorder. She nonetheless wrote in a written opinion on re-evaluating *pendente lite* support that there is no evidence of my disorder or prognosis. I had specified that my doctor can testify and that if there were any questions about my disorder they could be addressed. Instead of showing an interest in an actual victim of domestic violence, Judge Dawson seems to prefer abusing me further through perversion of legal processes.

11.   When all of the criminal allegations started, I was unfamiliar with the law. Now I know contours of New York State law and its failures to deter "exaggerated [and] false complaint[s] by an abuser usually in retaliation for measures taken by the victim to protect herself or her children."[4] The resultant arrests are understood to be "partnered with potentially dangerous and manipulative batterers who are learning how to use the law to their own advantage."[5]

12.   I am the victim of felony-level domestic violence, Judge Dawson has seen credible evidence verifying as much, and my wife has had me arrested for both exaggerated and false complaints. My wife acquired an *ex parte* Temporary Order of Protection and proceeded to have me repeatedly arrested despite the fact that I never posed a danger to her. This is a compounding of the physical and emotional abuse from which I am struggling to recover.

13.   Judge Dawson takes the plurality of criminal cases as evidence of my guilt. Yet, none of the cases have been tried nor have I ever been convicted of any criminal conduct. In

---

[4] Mary Haviland, et al., The Family Protection and Domestic Violence Intervention Act of 1995: A Report by the Family Violence Project of the Urban Justice Center, 2001, at 5.
[5] Ibid. at 5

fact, I deny any criminal conduct. Judge Dawson also is urging the D. A. and Mr. Brostowin to factor in uncharged allegations when determining the incarceration alternative program. Yet, Judge Dawson has not herself been consistent about what type of program I should be in.

14. It is prudent to consider: "Does putting criminal and family cases before the same judge present a more complete history and provide the state with more tools to respond? Or does it put too much information in front of a single arbiter and compromise a defendant's right to a fair trial by bringing in irrelevant considerations?"[6] Whereas the answer is that judges should consider each case individually and on the merits of case-specifically admissible evidence, Judge Dawson is blurring the lines between the criminal and civil proceedings.[7]

15. Instituting the IDVC in New York in 1994 led a gradual intensification of the mandatory arrest policy of police. Every domestic violence complaint and every order of protection violation complaint requires the police to arrest the alleged perpetrator. Thanks to this policy, I have spent over a month in jail. This problem was anticipated by Kluger and Aldrich when they indicated that it "clearly it doesn't make sense to flood the criminal justice system with cases that do not need criminal justice intervention."[8]

---

[6] Honorable Judy Harris Kluger and Liberty Aldrich, Esq., An Argument for a One-Judge/One-Family Approach to Domestic Violence: Lessons Based on New York's Model

[7] "Case integrity: Criminal and civil court cases have different burdens of proof, they are entitled to different levels of confidentiality, and they have different goals. Perhaps most critically, they have different moving parties: the State in the criminal case and the victim in the civil case. These roles must remain clear. The burden of the criminal court proceeding must not fall solely on the victim – it is the State's case against the defendant, not [the victim's]. Similarly, [the victim] may choose to proceed in the civil context regardless of the State assessment of her case. IDVCs cannot successfully navigate these tricky waters if the cases are merged or the lines are blurred." Ibid.

[8] Also: "With or without such a policy, too little may be known at the moment of arrest to make an informed decision and imminent safety considerations often take precedence." Ibid.

16. I have never threatened, menaced, nor hurt my wife nor my child. There is not even an allegation that I have done so. Nonetheless, I coordinated turning myself in to the police or was arrested in court at subsequent court dates. My wife is using these allegations as a way to continue her physical and emotional abuse from afar. Judge Dawson has been presented with ample evidence revealing the charade.

17. Judges in IDVC are hypothetically better informed arbiters than police or prosecutors: "While courts, of course, depend on the arguments made by counsel and judges are not perfect arbiters, judges hearing multiple cases involving a particular family are most likely to hear and see a full picture of the particular case before them – and they have the unique advantage of hearing directly from both the State and the victim. With this information, they are in the best position to design a tailored response for that particular case."[9] This can only be true when a judge takes into account all of the available information, whereas I detail evidence in Exhibits A and B demonstrating Judge Dawson's lack of detailed knowledge.

18. The essay continues: "Because, as Barbara Hart, a noted legal expert on domestic violence issues, has said, 'there is no profile of a battered [victim] witness that fits all or even most battered women,' no singular rule concerning the State's response to domestic violence will ever be appropriate in all circumstances."[10] My circumstance is an example of a where the IDVC has proven worse than inappropriate. Judge Dawson's IDVC is working as an instrument of my abusive wife to torment me.

19. I tremble and have panic attacks whenever I have a court date. Anxiety aggravates the symptoms of post-concussion disorder and, on the mornings when I have court,

---

[9] Ibid.
[10] Ibid.

7

makes it difficult for me to move. I am shaking even as I write this now, remembering being beaten over the head and being in jail.

20. My wife has threatened to kill me and she has threatened to make up allegations that will put me in jail indefinitely. I am afraid for my life every day. Judge Dawson has received this information in writing but seems to have already pre-judged me as guilty in both the criminal and civil allegations. I constantly fear that a new manufactured allegation will be made and the mandatory arrest policy will place me in jail again.

21. One explanatory piece on domestic abuse characterises my situation well: "But by 'legal abuse' I mean use of the legal system to abuse the survivor. This type of abuse becomes more prominent once there is a separation or a protection order in place. Family court proceedings are especially vulnerable to this type of abuse. It is the ultimate abuse of process."[11]

22. Judge Dawson's failure to respect and protect my rights is a professional failure and so it was perpetrated in her personal capacity rather than her professional capacity: "State Judges, as well as federal, have the responsibility to respect and protect persons from violations of federal constitutional rights."[12]

23. The fact that New York State has not succeeded in preventing the violations that I have endured against me is a systemic failure. The Family Protection and Domestic Violence Intervention Act of 1994 has been reformed due to shortcomings in the years since. Nonetheless,

---

[11] http://www.abuseandrelationships.org/Content/Behaviors/legal_abuse.html
Also relevant from the same website: "The burden of defending is always much much greater than the burden of accusing. The survivor cannot respond unskillfully while the primary aggressor can be unskillful and rely on quantity not quality of motions. Usually the survivor needs to pay an attorney, while the primary aggressor again can act pro se, and even get filing fees waived or reduced for indigence."
[12] Gross v. State of Illinois, 312 F 2d 257; (1963).

Judge Dawson's IDVC is poised to violate my constitutional rights indefinitely unless a higher court intervenes.

24.     Insofar as arbitrary Temporary Orders of Protection were issued with my one year old daughter's name on them against me, the State of New York has violated my First Amendment rights. The arbitrariness of these TOPs is also a violation of the Ninth Amendment rights of both myself and my daughter. Parent-child society has a long history of being recognized as a constitutional right that should only be suspended after thorough and prompt due process. However, there was never any reason to issue the TOPs and there is no reason to extend them since I have never hurt my daughter, I have never threatened to hurt my daughter, I have never neglected my daughter, I have never threatened to neglect my daughter, I have never endangered my daughter, NOR AM I SUSPECTED NOR ACCUSED OF DOING ANY OF THESE THINGS.

25.     Insofar as the aforementioned Fifth Amendment and Fourteenth Amendment violations have had a reflexive effect on my daughter, I would assert that her own rights have likewise been violated. Mr. Leavin has repeatedly asked Judge Dawson on the record to revoke the TOP against my daughter since there was never any cause to issue the TOP, yet Judge Dawson has denied these requests without explanation.

26.     This is not a frivolous lawsuit that would be a waste of the Court's time. The IDVC is systematically capable of violating constitutional rights of appellants and appellees.

27.     I am initiating this lawsuit before my November 9, 2016 disposition hearing. The District Attorney's office has threatened to have me remanded in writing before previous disposition hearings in the event that I plead "Not Guilty." Despite the fact that the disposition

was postponed at the September 12, 2016 hearing that followed this threat, the Assistant District Attorney did not ask to have me remanded. We had agreed that I would plead "Guilty," but Judge Dawson was not satisfied with the incarceration alternative program suggestion. Since the stated reason for requesting remand was that 1) I am allegedly making uncharged, unevidenced, hearsay violations of the TOPs and that 2) it is therefore unsafe for me to be not in jail, why does the postponement of the disposition with an anticipated "Guilty" plea result in a disregard for the remand threat? Obviously the threat was coercive rather than prophylactic.

28. Mr. Leavin has repeatedly asked Ms. Zuccardy in writing what the reasoning is for denying me society with my daughter. Mr. Leavin and I have also implored Judge Dawson to detail her concerns and the reasoning behind denying my daughter and I time together. I have offered and Mr. Leavin has offered on my behalf to take any steps necessary to mitigate those concerns if the concerns are detailed. I have agreed in the past to absurd visitation restrictions and there was never any problem with any of the visits. Yet, Ms. Zuccardy and my wife have tirelessly fought to restrict my visitation privileges.

29. It was indignity to be forced into Comprehensive Family Services supervised visitation in January of 2016 by Judge Dawson's order. Ms. Zuccardy's argument was premised on allegations that my family's house is unsafe and that I routinely drive while impaired. I have never driven impaired and there is no evidence to support that claim. Deyfus, the child services organization of New Jersey, sent a woman to look at my family's home to assess its suitability for visits. The caseworker said that she was going to tell her supervisors that it would be waste of resources to ever send anyone to the house again because of how overly suitable it is. Ms. Zuccardy has since stopped making those allegations.

30. My daughter and I have not been allowed to see each other for over eight months now. It is not clear when this arbitrary alienation will end. My wife clearly cannot be expected to work together with me on co-parenting if she is granted a full custody order (right now she has a temporary custody order).

31. My own and my daughter's due process rights have been denied in the very specific way detailed by Peter Strauss: "The clause also promises that before depriving a citizen of life, liberty or property, government must follow fair procedures. Thus, it is not always enough for the government just to act in accordance with whatever law there may happen to be. Citizens may also be entitled to have the government observe or offer fair procedures, whether or not those procedures have been provided for in the law on the basis of which it is acting. Action denying the process that is 'due' would be unconstitutional."[13]

32. Whereas my pending case against Judge Dawson in Third Circuit Court of Appeals seeks visitation privileges, my understanding of the violations that have occurred has evolved since the time that I initiated that case. I have no legal background. While incarcerated for a month this summer at Riker's Island, I was not given an instrument with which to write and I was only able to visit the law library twice a week for an hour each time. So, it has become my full-time job to learn about the stratifications of legal frameworks that overlay my situation. The violations described herein overlap with the pending case, but the relief I seek is distinct from that case. I hope that my concerns might be heard and I may be allowed to have a relationship with my daughter, who I love and who I have never nor would ever hurt.

---

[13] https://www.law.cornell.edu/wex/due_process

33. There is no clear procedure for making an interlocutory appeal in a criminal proceeding in New York State. In the meantime, my criminal cases that have been gridlocked will remain gridlocked indefinitely. State appeal procedures allow for interlocutory appeal of civil but not criminal cases.

34. The first criminal charge was in December of 2015 criminal charge against me was in July of 2016. The next criminal hearing date is January 27, 2016, and all that has been accomplished is disposition. My right to a speedy trial has not been satisfied. Were my family unable to pay bail, I would be sitting in jail waiting for Judge Dawson's overburdened court to initiate proceedings. My right to a speedy trial has been violated.

35. Not only has my right to a speedy trial been violated, the fact that charges have not been tried yet has been repeatedly used as an argument for denying my daughter and I the right to see each other.

36. There is no clear procedure for making an interlocutory appeal in a criminal proceeding in New York State. In the meantime, my criminal cases that have been gridlocked will remain gridlocked indefinitely. State appeal procedures allow for interlocutory appeal of civil but not criminal cases.

37. Under New York State's Criminal Procedure Law § 530.14, firearm forfeiture provisions are supposed to be triggered by the issuance of temporary orders of protection ONLY under certain circumstances[14]. Nothing about myself nor my situation satisfies the criteria

---

[14] Detailed in 'Prosecuting a Domestic Violence Case: Looking Beyond the Victim's Testimony' by Elizabeth Cronin, which is chapter 11 of the *Lawyers Manual on Domestic Violence: Representing the Victim, 6th Edition*, edited by Mary Rothwell Davis, Dorchen A. Leidholdt & Charlotte A. Watson:
'Forfeiture provisions are triggered by violent felony convictions, certain prior violation of orders of protection and stalking convictions. Under Criminal Procedure Law § 530.14,

described in the footnote, and yet the Order of Protection template includes firearm forfeiture language. Effectively, my Second Amendment rights have been suspended indefinitely without cause. It has been over a year now since the first Temporary Order of Protection was issued, but I have only just learned of the possibility of appealing this forfeiture clause that is included by default. I have not had a due process hearing resolved as of this time. Furthermore, since the

---

"Suspension and revocation of a license to carry, possess, repair or dispose of a firearm or firearms ," when a temporarycriminal court order of protection has been issued, the court must direct the defendant to surrender any and all firearms if the Court has "good cause to believe" that the defendant:
a) has a prior conviction for a violent felony offense (Penal Law § 70.2);
b) has previously disobeyed a prior order of protection and such has involved:
1) infliction of physical injury;
2) the use or threatened use of a deadly weapon or dangerous instrument Penal Law § 10.00(12) or (13);
3) engaged in behavior constituting any violent felony (Penal Law § 70.02); or
c) been previously convicted of stalking 1° (Penal Law § 120.60), 2° (Penal Law § 120.55), 3°(Penal Law § 120.50) or 4° (Penal Law § 120.45). 64 Hon. Mary Anne Lehmann Additionally, the court must suspend firearms licenses and order the defendant ineligible for them. The suspension order remains in effect for the duration of the order of protection (unless modified or vacated by court).
The order must specify:
1) where such firearms shall be surrendered;
2) the date and time by which surrender must be complete;
3) description of firearms (to the extent possible); and
4) a direction to the police to notify the court of surrender.
When a final order of protection is issued, the court must revoke the defendant's firearms license when the conviction is for a felony or a serious offense, as defined in Penal Law § 265.00 (17) [CPL 530.14 (2)(a)]. Where a defendant does not meet the elements for mandatory suspension, such as a prior violent felony conviction or violation of an order of protection, the court still has discretion to enter the same restrictions.
A discretionary, or permissive, order requires that:
1) a temporary order of protection has been issued; and
2) a finding that the defendant may use or threaten to use a firearm against the victim or witness.
In both mandatory and discretionary suspension and surrender the defendant is entitled to a hearing regarding the suspension of license or surrender of firearms. The hearing must be commenced within 14 days of the date of the order [CPL 530.14(2)(b); Family Court Act §842-a(2)(b)]. The court is responsible for notifying local police authorities of the above action taken and immediately notify the state registry and the State Police in Albany.'

appeal window is closed and the suspension of my Second Amendment rights is entangled in duration with any orders of protection, this right is going to remain suspended indefinitely.

38. Judge Dawson postponed my disposition at our September hearing, stating that she wanted to make sure that the plea deal was satisfactory to everyone including my litigious wife. My wife has publicly and privately bemoaned the leniency of the District Attorney's past offers in documentation that Judge Dawson has been able to read. My wife has also initiated civil contempt suits asking for me to be jailed for as much time as possible.

39. Judge Dawson has rescheduled approval of my plea deal several times. If the IDVC is being allowed by New York State to include the goals of a vindictive, abusive spouse (such as my wife) in criminal adjudication, the IDVC and New York State are systemically guilty of several *inter alia* violations. At the very least, this practice incorporates bias into adjudication.

40. Considering my wife's mental health history, which, according to documents she and Ms. Zuccardy have presented as exhibits in the divorce, include paranoia and paranoid hallucinations, it is indeed possible that she has feared danger. She has admitted to continuing have hallucinations of our daughter crying on the floor when our daughter is asleep. No reasonable person would have, in the same circumstances as my wife, thought themselves to be in danger. The "reasonable person" criteria is the thresh-hold for harassment, and I have never given rise to a situation in which a reasonable person in my wife's situation would have thought herself to be in danger. Much less would any reasonable person ever had reason to believe that my daughter was in danger from me UNLESS my wife one-sidedly presented her paranoia.

41. The IDVC denied my request for *pendente lite* support reduction, claiming that my life circumstances have not significantly changed. I lost my job because one of the criminal allegations, which consisted of an allegation that my phone dialed my wife's phone 46 times over the course of several days without any communication taking place AND which I deny, was charged as a felony. My employer at the time, MassMutual, found out about the felony charge because FINRA notified them that documentation detailing the charges needed to be furnished to them within 30 days of the charge. MassMutual almost received a fine from FINRA because of how difficult it was to acquire documentation detailing the charge[15]. I lost my job, cannot pass a background check completely because I now have pending criminal charges against me, and I have been in treatment for over a year now for the post-concussion vestibular disorder that resulted from my wife punching me in the head.

42. Judge Dawson, somehow, did not think that this series of facts justified reduction of *pendente lite* support. Whereas I said that I was happy to detail and explain the medical records provided by the doctor treating me AND that he would even be able to address questions about the post-concussion disorder that my wife gave me, Judge Dawson wrote in her opinion that she was not convinced of my diagnosis nor prognosis in her opinion denying *pendente lite* support reduction.

---

[15] The arresting precinct, like much of the New York City region, has a policy of not providing police reports in cases of alleged order of protection violations. This policy is premised on the possibility that a harasser might find out the address of the complainant. Whereas the precinct knew that I knew where my wife lives, they refused to furnish me with documentation. My wife would have gotten a copy of the police report, but she refused to scan it according to Ms. Zuccardy. I was in jail when, finally, my *pro se* criminal attorney was able to get copies of the charging papers to my family attorney who then sent them to my mother (there is no internet access from county detention in New York City) so that she could send them to my employer. We barely cleared the 30 day window to avoid the FINRA fine because these bureaucratic inefficiencies.

15

43. Judge Dawson furthermore claimed that the fact that the allegations against me, which caused me to lose my job, were not justification for *pendente lite* support reduction. She cited as precedent the fact that applications to reduce child support made by inmates are not accepted when the crime that lead to the incarceration was against either the child being supported or the person to whom child support is being paid. I deny committing any crimes against my wife AND I am awaiting the completion of a due process hearing on the frivolous accusations, a completion that Judge Dawson has repeatedly postponed. The arresting officer, Edward Raneola, accidentally told me during a subsequent arrest that he suggested that the phone-calls be charged as a felony because it was the 4th criminal complaint that my wife had made and NOT because of the seriousness of the crime.

44. My request for *pendente lite* support reduction met the statutory criteria for reduction. I explained that any failure to understand my medical condition can be addressed in detail and that Judge Dawson should look at the records I had attached as an Exhibit to a prior Affidavit (Judge Dawson did not ask for any clarification).

45. In her opinion dated July 5, 2016, Judge Dawson even cited *Kansky v. Kansky* 150 A. D. 2d 525 (1989). This was a case where *pendente lite* support was reduced on appeal to the Appellate Division of the Supreme Court of New York State, 2nd Department[16]. Judge Dawson omitted that the *pendente lite* reduction award was granted based on the fact that the recipient of

---

[16] "In this case, the undisputed evidence shows that within a few months after the original pendente lite award, the plaintiff wife obtained full-time employment at an annual salary nearly three times as much as her prior salary. Since the ability of the recipient spouse to be self-supporting is one of the many factors to be considered in awarding maintenance or child support, the court should have exercised its discretion to modify its original award (*see, e.g., Bofford v Bofford*, 117 A.D.2d 643, 646; *Lipow v Lipow*, 110 A.D.2d 756)."

16