UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/09/17

STEVEN WHELAN,

             Plaintiff,

- against -

THE STATE OF NEW YORK, NEW YORK
COUNTY DISTRICT ATTORNEY, THE
HONORABLE TANDRA DAWSON, *in her
individual capacity*, and JILL ZUCCARDY,

             Defendants.

**ORDER**

16 Civ. 9443 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

In this Section 1983 action, pro se Plaintiff Steven Whelan alleges that the State

of New York (the "State"), the New York County District Attorney (the "District Attorney"),

Justice Tandra Dawson, and Attorney Jill Zuccardy violated his constitutional rights in

connection with state matrimonial and criminal proceedings. (See Cmplt. (Dkt. No. 1))

Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and

12(b)(6). (Mot. (Dkt. No. 24) at 1-2; Mot. (Dkt. No. 28) at 1; Mot. (Dkt. No. 33) at 1)

Defendants argue – inter alia – that Plaintiff's claims are barred by the Eleventh Amendment,

judicial immunity, the Younger abstention doctrine, and the domestic relations exception to

subject matter jurisdiction. (See Def. Br. (Dkt. No. 26) at 19-29; Def. Br. (Dkt. No. 30) at 8-9;

Def. Br. (Dkt. No. 34) at 5-7)) Attorney Zuccardy further contends that Plaintiff's claim against

her fails because – as a private attorney – she did not act under color of state law. (Def. Br. (Dkt.

No. 34) at 7-9)

On September 7, 2017, this Court referred Defendants' motions to Magistrate

Judge Sarah Netburn. (See Order (Dkt. No. 46)) On December 19, 2017, Judge Netburn issued

a thorough Report and Recommendation ("R&R") recommending that this Court grant Defendants' motions to dismiss. (See R&R (Dkt. No. 49)) Copies of the R&R were sent to the parties on December 19, 2017. (See id. at 11) 28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations. . . ."[1] 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations"). Here, neither side filed objections to Magistrate Judge Netburn's R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Netburn's R&R. (See R&R (Dkt. No. 49) at 11-12) A "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear

---

[1] The R&R recites the requirement that the parties must file objections within fourteen days of service, pursuant to Rule 72 of the Federal Rules of Civil Procedure, and the consequences for failure to timely object: "The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. . . . Any requests for an extension of time for filing objections must be addressed to Judge Gardephe. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal." (R&R (Dkt No. 49) at 11-12 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a), 6(d); Thomas v. Arn, 474 U.S. 140 (1985))

notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because Plaintiff filed no objections to Magistrate Judge Netburn's R&R, he has waived judicial review. This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court will go on to consider whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

As noted above, Defendants' motions are brought under Fed. R. Civ. P. 12(b)(1) – lack of subject matter jurisdiction – and Fed. R. Civ. P. 12(b)(6) – failure to state a claim. (See Mots. (Dkt. Nos. 24, 28, 33)) "'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). "'[T]he party asserting subject-matter jurisdiction . . . has the burden of proving its existence by a preponderance of the evidence.'" Chen v. Sun, No. 13 Civ. 00280

(ALC) (KNF), 2016 WL 270869, at *1 (S.D.N.Y. Jan. 21, 2016) (quoting Garanti Finansal

Kiralama A.S. v. Aqua Marine & Trading Inc., 697 F.3d 59, 65 (2d Cir. 2012)). Moreover, to

survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009).

Here, this Court lacks subject matter jurisdiction to consider Plaintiff's claim

against New York State because New York has not waived sovereign immunity. It is well

established that "42 U.S.C. § 1983 does not provide an explicitly clear statement demonstrating

Congress' intent to abrogate . . . the constitutionally guaranteed immunity of the several states.'"

Santiago v. New York State Dep't of Corr. Servs., 945 F.2d 25, 31 (2d Cir. 1991) (quoting Quern

v. Jordan, 440 U.S. 332, 342 (1979)). Accordingly, Plaintiff's claim against New York State is

barred by sovereign immunity and "must be dismissed pursuant to the Eleventh Amendment for

lack of subject matter jurisdiction." Morales v. New York, 22 F. Supp. 3d 256, 268 (S.D.N.Y.

2014).

Plaintiff's claims against Justice Dawson are barred by judicial immunity.

"[J]udges generally have absolute immunity from suits for money damages for their judicial

actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). As Judge

Netburn noted, although the Complaint names Justice Dawson as a defendant "in her personal

capacity," Plaintiff's claims are based on actions taken by Justice Dawson "exclusively in her

judicial capacity." (See R&R (Dkt. No. 49) at 6; Cmplt. (Dkt. No. 1) at 2-4, 6-10) Because all

of the acts Plaintiff complains about are judicial acts performed by Justice Dawson in her

"judicial capacity," Plaintiffs' claims against Justice Dawson are barred by absolute immunity.

See Stump v. Sparkman, 435 U.S. 349, 362-63 (1978) ("Because Judge Stump performed the

type of act normally performed only by judges and because he did so in his capacity as a Circuit Court Judge," he is protected by "absolute immunity.").

Plaintiff's allegations against Attorney Zuccardy fail to state a claim because the "conduct of an attorney acting in [her] professional capacity while representing [her] client does not constitute action under color of state law for the purposes of § 1983." Goetz v. Windsor Cent. Sch. Dist., 593 F. Supp. 526, 528 (N.D.N.Y. 1984) (citing Briscoe v. LaHue, 460 U.S. 325, 368 n. 6 (1983) ("[E]ven though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner . . . the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.")). Because Plaintiff's claims against Attorney Zuccardy all involve Zuccardy's representation of Plaintiff's wife in seeking a divorce and child custody (see Cmplt. (Dkt. No. 1) at 7-8, 14), Plaintiff has failed to state a claim against her under Section 1983.

Plaintiff's remaining claims must be dismissed under the Younger abstention doctrine. "Younger generally prohibits courts from 'taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings' so as to avoid unnecessary friction." Spargo v. New York State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003) (quoting Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002) (citing Younger v. Harris, 401 U.S. 37, 43-44 (1971))). "Younger abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Const. Corp., 282 F.3d at 198. Here, Plaintiff's claims arise from cases currently pending in

state court, the state proceedings implicate important state interests in the administration of criminal justice and family matters, and Plaintiff has not shown that he is unable to seek effective judicial relief through the state system. Accordingly, this Court agrees that Younger compels abstention here.

Having conducted a review of the record, this Court finds that it was not clear error for Judge Netburn to find that Defendants' motions to dismiss should be granted.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety, and Defendants' motions to dismiss are granted. The Clerk of the Court is directed to terminate the motions (Dkt. Nos. 24, 28, 33) and to close this case. The Clerk of the Court is further directed to mail a copy of this order via certified mail to pro se Plaintiff Steven Whelan, Anna M. Kross Correctional Facility, 18-18 Hazen Street, East Elmhurst, NY 11370-1383.

Dated: New York, New York
February 9, 2018

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge

6